# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF KENTUCKY
# OWENSBORO DIVISION

**CIVIL ACTION NO. 4:17CV-00132-JHM**

**THOMAS HATTENBACH**                                                        **PLAINTIFF**

**V.**

**CHARLES KIRCHNER & SON, INC.**                                 **DEFENDANT**

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on a motion by Defendant, Charles Kirchner & Son, Inc., to dismiss [DN 6, DN 9]. Fully briefed, this matter is ripe for decision.

## I. BACKGROUND

Plaintiff, Thomas Hattenbach, brings this action following the termination of his employment at Charles Kirchner & Son, Inc. Plaintiff was employed by Complete Lumber since on or about 2006. Complete Lumber was purchased by the Defendant, Charles Kirchner & Son, Inc., in 2014. Plaintiff was retained as an employee. On May 11, 2016, Plaintiff was terminated from his employment with Defendant. At the time of his termination, Plaintiff was 62 years-old and held the position of Manager over three of the Defendant's facilities located in Henderson, Kentucky; Madisonville, Kentucky; and Evansville, Indiana.

On September 29, 2017, Plaintiff filed this action against Defendant alleging that Defendant terminated him because of his age in violation of the Age Discrimination in Employment Act, 29 U.S.C. § 621, et seq. ("ADEA") and the Kentucky Civil Rights Act, KRS §344.040 ("KCRA"). Defendant filed a motion to dismiss arguing that Plaintiff failed to state a claim upon which relief can be granted. Plaintiff filed an Amended Complaint, and Defendant then filed a supplemental motion to dismiss.

## II. STANDARD OF REVIEW

Upon a motion to dismiss for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6), a court "must construe the complaint in the light most favorable to plaintiff," League of United Latin Am. Citizens v. Bredesen, 500 F.3d 523, 527 (6th Cir. 2007) (citation omitted), "accept all well-pled factual allegations as true [,]" id., and determine whether the "complaint states a plausible claim for relief[,]" Ashcroft v. Iqbal, 556 U.S. 662, 679 (2009). Under this standard, the plaintiff must provide the grounds for his or her entitlement to relief which "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007). A plaintiff satisfies this standard only when he or she "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678. A complaint falls short if it pleads facts "merely consistent with a defendant's liability" or if the alleged facts do not "permit the court to infer more than the mere possibility of misconduct." Id. at 678, 679. Instead, the allegations must "'show[ ] that the pleader is entitled to relief.'" Id. at 679 (quoting Fed. R. Civ. P. 8(a)(2)).

If "matters outside the pleadings are presented to and not excluded by the court" when ruling upon a motion under Rule 12(b)(6), the Federal Rules require that "the motion must be treated as one for summary judgment under Rule 56." Fed. R. Civ. P. 12(d).

## III. DISCUSSION

The ADEA makes it "unlawful for an employer . . . to discharge any individual or otherwise discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's age." 29 U.S.C. § 623(a)(1). Under the KCRA, it is unlawful for an employer "to discharge any individual, or

otherwise to discriminate against an individual with respect to compensation, terms, conditions, or privileges of employment, because of the individual's race, color, religion, national origin, sex, age forty (40) and over . . . ." KRS § 344.040(1)(a). "Claims brought under the KCRA are 'analyzed in the same manner'" as claims brought under the ADEA. Allen v. Highlands Hosp. Corp., 545 F.3d 387, 393 (6th Cir. 2008) (quoting Williams v. Tyco Elec. Corp., 161 Fed. Appx. 526, 531 & n. 3 (6th Cir. 2006)). See also Williams v. Wal–Mart Stores, Inc., 184 S.W.3d 492, 495 (Ky. 2005).

Defendant argues that Plaintiff's age discrimination claim should be dismissed because he has not sufficiently pled a claim for which relief can be granted. A plaintiff bringing an age discrimination claim has the initial burden of proving "that age was a determining factor in the adverse employment action that the employer took against him." Allen, 545 F.3d at 394 (citing Phelps v. Yale Sec., Inc., 986 F.2d 1020, 1023 (6th Cir. 1993)). This may be proven either through direct or circumstantial evidence. Wexler v. White's Fine Furniture, Inc., 317 F.3d 564, 570 (6th Cir. 2003). When only circumstantial evidence is offered by a plaintiff, the claim is analyzed using the framework set forth in McDonnell Douglass Corp. v. Green, 411 U.S. 792, 802 (1973).

> This framework first requires an employee to establish a prima facie case of age discrimination. If the employee meets this burden, the employer may respond by offering a legitimate, nondiscriminatory reason for the adverse employment action at issue. Assuming that such a response is made, the employee then bears the burden of rebutting this proffered reason by proving that it was a pretext designed to mask age discrimination.

Wexler, 317 F.3d at 574 (citations omitted) (citing Ercegovich v. Goodyear Tire & Rubber Co., 154 F.3d 344, 350 (6th Cir. 1998)). To establish a prima facie case of age discrimination, a plaintiff must show "(1) membership in a protected group; (2) qualification for the job in

3

question; (3) an adverse employment action; and (4) circumstances that support an interference of discrimination." Blizzard v. Marion Tech College, 698 F.2d 275, 283 (6th Cir. 2012) (citing Swierkiewicz v. Sorema N.A., 534 U.S. 506, 510 (2002)).

Although a plaintiff need not establish a prima facie case of discrimination to survive a motion to dismiss, Swierkiewicz, 534 U.S. at 511, Federal Rule of Civil Procedure 8(a)(2) provides that a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." However, "broad and conclusory allegations of discrimination cannot be the basis of a complaint and a plaintiff must state allegations that plausibly give rise to the inference that a defendant acted as the plaintiff claims." HDC, LLC v. City of Ann Arbor, 675 F.3d 608, 614 (6th Cir. 2012); Pedreira v. Kentucky Baptist Homes for Children, Inc., 579 F.3d 722, 728 (6th Cir. 2009); House v. Rexam Beverage Can Co., 630 Fed. Appx. 461, 463-464 (6th Cir. 2015); Keys v. Humana, Inc., 684 F.3d 605, 610 (6th Cir. 2012).

In his Amended Complaint, Plaintiff alleges that he was over 40 years old, qualified for his job, and subjected to an adverse employment action when he was terminated. Specifically, Plaintiff alleges that he was 62 years old when terminated and "believes his duties and responsibilities of Manager over the locations he previously managed have been assumed by a 'substantially younger' similarly-situated individual." (Amended Complaint at ¶ 17.) In addition, Plaintiff alleges that after the Defendant purchased Complete Lumber, he was subjected to different treatment, terms, and conditions in his employment when compared to significantly younger, similarly-situated individuals (1) in the support offered at the locations he was responsible; (2) in responses to safety issues cited by Plaintiff; and (3) in standards of performance. (Id. at ¶¶ 13, 14.) In addition, Plaintiff points to age-based comments made by Kurt Kirchner, President of Defendant, and Kurt Kirchner's wife as circumstantial evidence of

4

discrimination.  Plaintiff states that "on multiple occasions he heard Kurt Kirchner make discriminatory comments based on age, referring to the sales force for the Defendant as a 'sea of gray' and that 'the old guys aren't any good at selling." (Id. at ¶ 15.)  From these alleged facts, the Court finds that the Complaint adequately pleads a plausible claim of age discrimination.  Thus, Defendant's Rule 12(b)(6) motion to dismiss this claim is denied.  To the extent Defendant bases its motion on matters outside the pleading, the Court declines to convert the motion to dismiss to one for summary judgment.

## IV. CONCLUSION

For these reasons, **IT IS HEREBY ORDERED** that the motion by Defendant, Charles Kirchner & Son, Inc., to dismiss [DN 6, DN 9] is **DENIED**.

cc: counsel of record

**Joseph H. McKinley, Jr., Chief Judge**
**United States District Court**

January 3, 2018