# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF KENTUCKY
# OWENSBORO DIVISION

**CIVIL ACTION NO. 4:17CV-00132-JHM**

**THOMAS HATTENBACH**                                                     **PLAINTIFF**

**V.**

**CHARLES KIRCHNER & SON, INC.**                              **DEFENDANT**

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on a motion by Defendant, Charles Kirchner & Son, Inc., for summary judgment [DN 28]. Fully briefed, this matter is ripe for decision.

## I. STANDARD OF REVIEW

Before the Court may grant a motion for summary judgment, it must find that there is no genuine dispute as to any material fact and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). The moving party bears the initial burden of specifying the basis for its motion and identifying that portion of the record that demonstrates the absence of a genuine issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). Once the moving party satisfies this burden, the non-moving party thereafter must produce specific facts demonstrating a genuine issue of fact for trial. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247–48 (1986).

Although the Court must review the evidence in the light most favorable to the non-moving party, the non-moving party must do more than merely show that there is some "metaphysical doubt as to the material facts." Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986). Instead, the Federal Rules of Civil Procedure require the non-moving party to present specific facts showing that a genuine factual issue exists by "citing to particular parts of materials in the record" or by "showing that the materials cited do not

establish the absence . . . of a genuine dispute[.]" Fed. R. Civ. P. 56(c)(1). "The mere existence of a scintilla of evidence in support of the [non-moving party's] position will be insufficient; there must be evidence on which the jury could reasonably find for the [non-moving party]." Anderson, 477 U.S. at 252. It is against this standard the Court reviews the following facts.

## II. BACKGROUND

Plaintiff, Thomas Hattenbach, brings this action following the termination of his employment at Charles Kirchner & Son, Inc. Plaintiff was employed by Complete Lumber since 2006. Complete Lumber maintained three locations in Henderson, Kentucky; Madisonville, Kentucky; and Evansville, Indiana. Plaintiff testified that he was a controller for Complete Lumber and was responsible for the financial information and the accounts for the entire company. Defendant, Charles Kirchner & Son, Inc., purchased Complete Lumber in 2014. Plaintiff was retained as an employee. At the time he was hired by Defendant, Plaintiff was 60 years old and was hired as the manager over the three new locations which were formerly Complete Lumber. On May 11, 2016, Plaintiff was terminated from his employment with Defendant. At the time of his termination, Plaintiff was 62 years old.

On September 29, 2017, Plaintiff filed this action against Defendant alleging that Defendant terminated him because of his age in violation of the Age Discrimination in Employment Act, 29 U.S.C. § 621, et seq. ("ADEA") and the Kentucky Civil Rights Act, KRS §344.040 ("KCRA"). In his Amended Complaint filed on October 27, 2017, Plaintiff alleges that he was over 40 years old, qualified for his job, and subjected to an adverse employment action when he was terminated. Specifically, Plaintiff alleges that he was 62 years old when terminated and "believes his duties and responsibilities of Manager over the locations he previously managed have been assumed by a 'substantially younger' similarly-situated individual." (Amended Complaint at ¶ 17.) In addition, Plaintiff alleges that after the Defendant

purchased Complete Lumber, Plaintiff was subjected to different treatment, terms, and conditions in his employment when compared to significantly younger, similarly-situated individuals in the support offered at the locations he was responsible, in responses to safety issues cited by Plaintiff, and in standards of performance. (Id. at ¶¶ 13, 14.) In addition, Plaintiff points to age-based comments made by Kurt Kirchner, President of the company, as evidence of discrimination. Plaintiff states that "on multiple occasions he heard Kurt Kirchner make discriminatory comments based on age, referring to the sales force for the Defendant as a 'sea of gray' and that 'the old guys aren't any good at selling.'" (Id. at ¶ 15.) In response to Plaintiff's interrogatories, Defendant stated that it terminated Plaintiff's employment for "his failure to communicate effectively, for his failure to follow company direction and instruction, and for his failure to satisfactorily perform his position." (DN 34 Ex. 3 at 14.)

### III. DISCUSSION

The ADEA makes it "unlawful for an employer . . . to discharge any individual or otherwise discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's age." 29 U.S.C. § 623(a)(1). Under the KCRA, it is unlawful for an employer "to discharge any individual, or otherwise to discriminate against an individual with respect to compensation, terms, conditions, or privileges of employment, because of the individual's race, color, religion, national origin, sex, age forty (40) and over . . . ." KRS § 344.040(1)(a). "Claims brought under the KCRA are 'analyzed in the same manner'" as claims brought under the ADEA. Allen v. Highlands Hosp. Corp., 545 F.3d 387, 393 (6th Cir. 2008) (quoting Williams v. Tyco Elec. Corp., 161 Fed. Appx. 526, 531 & n. 3 (6th Cir. 2006)). See also Williams v. Wal–Mart Stores, Inc., 184 S.W.3d 492, 495 (Ky. 2005).

Defendant argues that summary judgment should be granted in its favor on Plaintiff's age discrimination claim because he fails to establish a claim using direct evidence or the McDonnell Douglas analysis. A plaintiff bringing an age discrimination claim has the initial burden of proving "that age was a determining factor in the adverse employment action that the employer took against him." Allen, 545 F.3d at 394 (citing Phelps v. Yale Sec., Inc., 986 F.2d 1020, 1023 (6th Cir. 1993)). This may be proven either through direct or circumstantial evidence. Wexler v. White's Fine Furniture, Inc., 317 F.3d 564, 570 (6th Cir. 2003).

### A. Direct Evidence

"Direct evidence, in the context of an age-discrimination claim, is evidence that, 'if believed, requires the conclusion that age was the 'but for' cause of the employment decision.'" Jecker v. Monumental Life Ins. Co., 2016 WL 2993623, at *6 (W.D. Ky. May 23, 2016) (quoting Scheick v. Tecumseh Pub. Sch., 766 F.3d 523, 530 (6th Cir. 2014) ("[T]he inquiry includes both a predisposition to discriminate and that the employer acted on that predisposition.")). In other words: "'Direct evidence is evidence that proves the existence of a fact without requiring any inferences.'" Jecker, 2016 WL 2993623, at *6 (quoting Scheick, 766 F.3d at 530 (quoting Rowan v. Lockheed Martin Energy Sys., Inc., 360 F.3d 544, 548 (6th Cir. 2004)). "Examples of direct evidence include 'a facially discriminatory employment policy or a corporate decision maker's express statement of a desire to remove employees in the protected group.'" Taylor v. Dollar Gen. Corp., 2015 WL 3872341, at *3 (E.D. Ky. June 23, 2015) (quoting Nguyen v. City of Cleveland, 229 F.3d 559, 563 (6th Cir. 2000)).

The Court finds unpersuasive Plaintiff's argument that he possesses direct evidence of age discrimination. In support of this contention, Plaintiff argues that Kurt Kirchner's animus toward Plaintiff's age is displayed through his disparaging age-based comments made to Plaintiff. Plaintiff testified that during one meeting with the sales team, Kirchner stated that "as I

4

look out there, I see, a sea of gray." (Thomas Hattenbach Dep. at 165-166.) Plaintiff further testified that at that same meeting Kirchner stated that "everyone is old out here." (Id. at 169.) Additionally, Plaintiff testified that at another sales meeting, Kirchner stated that that he didn't know "if the old guys can do the job." (Id. at 179-180.) Plaintiff testified that these statements were directed at the sales team. Plaintiff argues that Kirchner's statements offended him and the sales team and reasonably suggests that Kirchner wanted younger managers at the company. Plaintiff asserts that Kirchner's statement that he didn't know if the old guys can do the job insinuated that Plaintiff could not perform his job due to his age and that his age ultimately led to his termination of employment. Further, Plaintiff contends that Kirchner's animus for him was expressed verbally to him when Kirchner told him that he "was nothing more than a glorified bookkeeper for Complete Lumber." (Hattenbach Dep. at 137; DN 34 at 7.) Finally, Plaintiff points to the notes of Kirchner regarding Plaintiff's May 11, 2016 termination meeting noting that Plaintiff stated that he believed that Kirchner discriminated against him. Kirchner indicated in his notes that "[m]y reply was 'dually noted' (I feel the same way)." (DN 34-5.) Plaintiff suggests that these notes clearly reflect that Kirchner agreed that he discriminated against Plaintiff as a result of his age.

Here, the alleged statements attributed to Kirchner by Plaintiff are ambiguous, abstract statements. Beyond the fact that the majority of the statements occurred during sales meetings, Plaintiff fails to offer the context or time frame of the statements. Likewise, there is little evidence that the comments are in any way related to Kirchner's decision to terminate Plaintiff because such statements were directed to the sales force, not Plaintiff individually. Plaintiff was not a member of the sales force, but a manager. "It is not enough for the statement itself to be discriminatory." Charles Print Fulfillment Servs., LLC, 2015 WL 5786817, at *11–12 (W.D. Ky. Sept. 30, 2015). Rather, the "'direct evidence of discriminatory remarks must also relate

those remarks to the decision to terminate' the particular employee." Id. (quoting Dekarske v. Federal Exp. Corp., 294 F.R.D. 68, 82 (E.D. Mich. 2013) (citing Geiger v. Tower Automotive, 579 F.3d 614, 621 (6th Cir. 2009); Bush v. Dictaphone Corp., 161 F.3d 363, 369 (6th Cir. 1998)); cf. Phelps v. Yale Sec., Inc., 986 F.2d 1020, 1025 (6th Cir. 1993) ("Age-related comments referring directly to the worker may support an inference of age discrimination." (emphasis added) (citing McDonald v. Union Camp Corp., 898 F.2d 1155, 1162 (6th Cir. 1990)). "The Sixth Circuit Court of Appeals has 'repeatedly held that isolated ambiguous comments out of context do not constitute direct evidence of age discrimination.'" Charles Print, 2015 WL 5786817, *11 (quoting Loper v. Computer Network Tech. Corp., 128 F. Supp. 2d 1061, 1065 (E.D. Mich. 2001) (collecting cases). It is therefore reasonable to conclude that Kirchner's alleged statements were "isolated and irrelevant remark[s] that had no influence on the termination decision." Skelton v. Sara Lee Corp., 249 Fed. Appx. 450, 455–56 (6th Cir. Oct. 3, 2007) (citing Phelps, 986 F.2d at 1025). Additionally, the record reflects that no sales employees at whom these statements were directed were terminated during or after Plaintiff's employment.

Further, Plaintiff's interpretation of Kirchner's notes related to Plaintiff's termination is strained. No reasonable jury would believe that Kirchner's statement "I feel the same way" is an admission by Kirchner that he discriminated against Plaintiff due to age.

Considering these comments in the light most favorable to Plaintiff, the Court finds that Plaintiff's evidence does not constitute direct evidence of age discrimination because they do not require the Court to conclude that discrimination occurred. As such, the Court must apply the McDonnell Douglas burden-shifting framework to evaluate the evidence in this case.

**B. Circumstantial Evidence**

When circumstantial evidence is offered by a plaintiff, the claim is analyzed using the framework set forth in McDonnell Douglas Corp. v. Green, 411 U.S. 792, 802 (1973).

> This framework first requires an employee to establish a prima facie case of age discrimination. If the employee meets this burden, the employer may respond by offering a legitimate, nondiscriminatory reason for the adverse employment action at issue. Assuming that such a response is made, the employee then bears the burden of rebutting this proffered reason by proving that it was a pretext designed to mask age discrimination.

Wexler, 317 F.3d at 574 (citations omitted) (citing Ercegovich v. Goodyear Tire & Rubber Co., 154 F.3d 344, 350 (6th Cir. 1998)). To establish a prima facie case of age discrimination, a plaintiff must show "[he] was over 40 years old; (2) [he] suffered an adverse employment action; (3) [he] was qualified for the position [he] held; and (4) [he] was either replaced by a person outside the protected class or treated differently than similarly-situated individuals." Smith v. Wrigley Mfg. Co., LLC, 749 Fed. Appx. 446, 448 (6th Cir. 2018). "In age-discrimination cases, the fourth element 'is modified to require replacement not by a person outside the protected class, but merely replacement by a significantly younger person.'" Stearman v. Ferro Coals, Inc., 2017 WL 5798781, at *3 (W.D. Ky. Nov. 28, 2017) (quoting Grosjean v. First Energy Corp., 349 F.3d 332, 335 (6th Cir. 2003)). "'Age differences of ten or more years have generally been held to be sufficiently substantial to meet the requirement of the fourth part of [an] age discrimination prima facie case.'" Id.

First, Plaintiff was not replaced by a significantly younger person. Defendant hired Plaintiff when he was 60 years old and fired him when he was 62 years old. On July 1, 2017, Plaintiff was replaced by Fred McCrady, a 59-year-old male. (Hattenbach Dep. at 183.) It is also undisputed that from the time that Plaintiff was terminated on May 11, 2016 until the time his replacement was hired on July 1, 2017, Plaintiff's duties were divided among employees who were already working at the company. The record reflects that the secretary at the Henderson location handled Plaintiff's internal paperwork and the current manager at the Marshall, Illinois location handled Plaintiff's managerial duties. "An employee 'is not replaced when another

employee is assigned to perform the plaintiff's duties in addition to other duties, or when the work is redistributed among other existing employees already performing related work.'" Stearman v. Ferro Coals, Inc., 751 Fed. Appx. 827, 830 (6th Cir. 2018) (quoting Grosjean v. First Energy Corp., 349 F.3d 332, 336 (6th Cir. 2003) (quoting Barnes v. GenCorp Inc., 896 F.2d 1457, 1465 (6th Cir. 1990))). "Spreading the former duties of a terminated employee among the remaining employees does not constitute replacement." Lilley v. BTM Corp., 958 F.2d 746, 752 (6th Cir. 1992). Here, Defendant temporarily redistributed Plaintiff's job duties among existing employees and then replaced Plaintiff with an individual only three years younger. Therefore, Plaintiff cannot establish that he was replaced by a significantly younger person.

Second, Plaintiff fails to provide sufficient evidence that he was treated differently than similarly situated individuals. "Employees are similarly situated when they are similar 'in all relevant respects.'" Guyton v. Exact Software North America, 2016 WL 3927349, at *10 (S.D. Ohio July 21, 2016)(quoting Bobo v. United Parcel Serv., Inc., 665 F.3d 741, 753 (6th Cir. 2012)). "This standard does not require 'exact correlation.'" Id. Instead, "in determining whether two employees are similarly situated 'in all relevant respects,' the Court's task is to 'make an independent determination as to the relevancy of a particular aspect of the plaintiff's employment status and that of the non-protected employee.'" Guyton, 2016 WL 3927349, *10 (quoting Louzon v. Ford Motor Co., 718 F.3d 556, 564 (6th Cir. 2013)). It is entirely appropriate to consider "[d]ifferences in job title, responsibilities, experience, and work record." Leadbetter v. Gilley, 385 F.3d 683, 691 (6th Cir. 2004). See Campbell v. Hamilton County, 23 Fed. Appx. 318, 325 (6th Cir. 2001) (holding that differences in job title and responsibilities, experience, and disciplinary history may establish that two employees are not similarly situated).

Plaintiff maintains that similarly situated, substantially younger employees were treated better than him. Specifically, Plaintiff contends that Torey Rein, a 38-year-old manager, had

worse sales numbers than Plaintiff, supervised only one location, and reported directly to Kirchner, whereas Plaintiff was instructed by Kirchner to not report directly to him and was required to manage three locations. Plaintiff represents that Kirchner would praise Rein in sales meetings, despite Rein having worse sales numbers than Plaintiff. Additionally, Plaintiff puts forth three other potential comparators that were permitted to supervise only one location: R. Simpson (born 1980), D. Kirchner (born 1994), and M. Kessler (born 1977). Plaintiff argues that Kirchner required Plaintiff to manage three locations, while younger managers were permitted to manage only one location, which demonstrates the preferential treatment from Kirchner to the significantly younger managers.

Plaintiff fails to provide any evidence beyond mere speculation regarding Torey Rein's alleged favorable treatment by Kirchner. Plaintiff offers no evidence of Plaintiff's or Rein's sales numbers. Similarly, Plaintiff offers no evidence regarding the type, length, and consistency with which Kirchner met with Rein as compared to Plaintiff. Additionally, the record reflects that *all* managers regardless of age, with the exception of Plaintiff, managed one location. Plaintiff failed to include the names and ages of the other managers: D. Wright (age 54), T. Clatfelder (age 62), B. Kuhn (age 41), R. Brown (age 60), S. Philippe (age 49), B. Janson (age 45), G. Bergbower (age 61), and D. Warner (age 45). (DN 34-4.) In his deposition, Plaintiff acknowledged that older employees were also treated better than him. In fact, when asked if there were employees either his age or older treated better than him, Plaintiff testified: "Pretty much everybody." (Hattenbach Dep. at 179.) To the extent that Plaintiff contends that all other managers, including those 40 years of age or older, were treated more favorably than Plaintiff with regard to the number of locations they were required to manage demonstrates at most that this requirement was specific to him, regardless of age. See Graves v. Starbucks Coffee Co./ Starbucks Corp., 2016 WL 4429966, at *8 (S.D. Ohio Aug. 22, 2016); Powers v. Woodlands

9

Religious Cmty. Inc., 323 Fed. Appx, 300, 303 (5th Cir. 2009) (affirming summary judgment of age-discrimination claim and noting that by plaintiff's "own account, [the employer] treated both younger and older employees better than her"); Mims v. Gen. Motors, 2011 WL 4454932, at *3 (S.D. Miss. Sept. 23, 2011) ("Claiming that others from her protected classes were treated better undermines her argument that GM treated her less favorably for her membership in those classes."). Accordingly, considering the facts in the light most favorable to the Plaintiff, the Court finds that Plaintiff failed to satisfy his prima facie case of age discrimination and, as a result, summary judgment is warranted on his age discrimination claims.

### IV. CONCLUSION

For these reasons, **IT IS HEREBY ORDERED** that the motion by Defendant, Charles Kirchner & Son, Inc., for summary judgment [DN 28] is **GRANTED**. A judgment shall be issued consistent with this opinion.

*Joseph H. McKinley*

Joseph H. McKinley Jr., District Judge
United States District Court

cc: counsel of record

March 26, 2019